CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUL 2 2 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
#### Charlottesville Division

BETH E. BRONDAS,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )        Case No.: 7:14-cv-00369
                                    )
CORIZON HEALTH, INC.,               )
                                    )
    Serve: CT Corporation System    )
           4701 Cox Road, Suite 285 )
           Glen Allen, VA 23060     )
                                    )
            Defendant.              )

## COMPLAINT

COMES NOW Plaintiff Beth E. Brondas, by counsel, and files this, her Complaint for

declaratory and injunctive relief against Defendant Corizon Health, Inc. and for damages in the

sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), of which TWO HUNDRED

THOUSAND DOLLARS ($200,000.00) represents compensatory damages and THREE

HUNDRED THOUSAND DOLLARS ($300,000.00) represents punitive damages, together with

the costs, interests and expenses of this action and alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Beth E. Brondas (hereinafter "Plaintiff") brings this action pursuant to 42

U.S.C. § 1983 alleging a violation of the Eighth Amendment to the United States Constitution.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, because it arises under

the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3), because it

seeks to redress the deprivation, under color of State law, of rights, privileges and immunities

secured to Plaintiff by the Constitution and laws of the United States. This Court has authority

to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

3.      Plaintiff is a 61-year old female incarcerated at Fluvanna Correctional Center for Women (FCCW).  Plaintiff is scheduled to be released from custody in 2016.  Plaintiff is afflicted with a broad array of serious health problems and physical ailments including, but not necessarily limited to, extreme back and neck pain, a pinched nerve in her back, incontinence, migraine headaches, a spine fracture, anxiety, psychosis, high blood pressure and congestive heart failure.

4.      Defendant Corizon Health, Inc. (hereinafter "Defendant"), is a Delaware corporation with operations in Virginia and, in particular, Fluvanna County, Virginia.  At all relevant times hereto, Defendant was an independent medical services provider to FCCW and had by contract with FCCW assumed responsibility for the provision of adequate medical care to the inmates housed at FCCW.  Defendant is legally responsible for the acts and/or omissions of its employees acting within the scope of their employment.

## COUNT I:  DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT UNDER 42 U.S.C. § 1983

5.      Paragraphs 1-4, as set forth above, are re-alleged and incorporated herein by reference.

6.    Count I is brought against Defendant.

7.    Defendant is subject to civil liability on account of the language in the following Federal statute, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

8.    At all times herein, Defendant was acting under the color of state law due to its contract with FCCW to provide medical services to inmates housed at FCCW.

9.    The Eighth Amendment to the United States Constitution provides, in relevant part, that: "Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted*." U.S. Const. amend. VIII (emphasis added).

10.   The rights of citizens under the Eighth Amendment are clearly established and have been law in the United States since the year 1791.

11.   The Eighth Amendment applies to the states through the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660 (1962).

12.   "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976).

3

13.     The *objective* component of an Eighth Amendment claim is satisfied only if the medical need of the prisoner is serious.  The *subjective* component of the claim alleging the deprivation of a serious medical need is satisfied by a showing of deliberate indifference by prison officials.

14.     Plaintiff has serious medical needs.  The broad array serious health problems and physical ailments listed in paragraph 3 are objectively serious medical needs.

15.     Defendant was and is deliberately indifferent to Plaintiff's serious medical need(s) because, beginning in or around January 2013, it has continuously failed to treat her objectively serious medical need(s), despite its knowledge of her various medical condition(s).

16.     Defendant actually knew of and disregarded the substantial risk of serious injury to Plaintiff because it actually knew (and still knows) of her serious medical needs upon hearing and seeing her desperate pleas for help, and, Defendant disregarded the substantial risk of serious injury to Plaintiff because it ignored Plaintiff's serious need for medical care by not immediately treating her objectively serious medical condition(s).

17.     Such an inadequate response by the employees and/or agents of Defendant was and is a result of Defendant's failure to train its employees and/or agents how to properly respond to an inmate suffering from an objectively serious medical need.  If Defendant had properly trained its employees in the handling of inmates with serious medical conditions, Plaintiff's serious medical need(s) would have been immediately treated.

18.     Defendant, upon becoming aware of Plaintiff's objectively serious medical need(s), provided a medical response so grossly incompetent and/or inadequate as to shock the conscience of fair-minded Americans.  Defendant gave and continues to give Plaintiff grossly

deficient medical treatment and was and is callously and deliberately indifferent to her serious medical need(s) in violation of the Eighth Amendment to the Constitution of the United States.

19.     Defendant acted recklessly with regard to Plaintiff's serious medical need(s) by disregarding the substantial risk of danger it knew Plaintiff to be in upon seeing and hearing her writhing in pain as a result of deficient medical care.

20.     Defendant's deliberate indifference was and is a proximate cause the following damages suffered by Plaintiff: pain, suffering and mental anguish.

21.     The conduct of Defendant involved the reckless and/or callous indifference to the federally protected rights of Plaintiff, namely her Eighth Amendment right to be free from cruel and unusual punishment.  Punitive damages are warranted because Defendant's agents and/or employees were reckless and/or callously indifferent to the serious medical need(s) of Plaintiff.

## COUNT II: NEGLIGENCE UNDER VIRGINIA LAW

22.     Paragraphs 1-21, as set forth above, are re-alleged and incorporated herein by reference.

23.     Count II is brought against Defendant.

24.     Defendant's negligence was and is a proximate cause of the injuries suffered by Plaintiff beginning on or about January 2013 at FCCW.

25.     Defendant had (and still has) a duty to provide Plaintiff, an inmate at FCCW, with adequate medical care when faced with a medical emergency or a serious medical need, or, in the alternative, ordinary care.

26.     Defendant breached this duty of care by failing to properly treat Plaintiff's objectively serious medical needs.

27.     Defendant's breach of its duty was and is a proximate cause of Plaintiff's injuries.

28.     Defendant's negligent breach of its duty was the proximate cause the following damages suffered by Plaintiff: pain, suffering and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Beth E. Brondas, by counsel, respectfully prays that this Court:

A. Issue a judgment declaring that Defendant's policies, practices, acts and/or omissions as described herein are unlawful and violate Plaintiff's rights under the Constitution and laws of the United States;

B. Preliminarily and permanently enjoin Defendant, its subordinates, agents, employees, representatives and all others acting or purporting to act in concert with them or on its behalf from subjecting Plaintiff to the unlawful and unconstitutional treatment described herein, and issue such injunctive orders as are necessary and/or appropriate to preclude such conduct on an ongoing basis;

C. Maintain ongoing supervisory jurisdiction of this matter in order to monitor and enforce Defendant's full and continuing compliance with the injunctive relief ordered herein;

D. Award judgment against Defendant for damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($50,000.00), of which TWO HUNDRED THOUSAND DOLLARS ($200,000.00) represents compensatory damages and THREE HUNDRED THOUSAND DOLLARS ($30,000.00) represents punitive damages;

E. Award Plaintiff's costs, interests, expenses, and Plaintiff's reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

F. Grant all such other and further relief as this Court may deem necessary and/or appropriate in the interests of justice.

Respectfully submitted,

**BETH E. BRONDAS**

By: _____

*Of Counsel*

S. W. Dawson, Esq. (VSB# 83166)
GOOD SOIL PARTNERS
P. O. Box 58
Norfolk, Virginia 23501
757.282.6601 (Telephone)
757.282.6617 (Fax)
swd@goodsoilpartners.com
*Counsel for Plaintiff*