IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

BETH E. BRONDAS,                )
                                )
        Plaintiff,              )
                                )
v.                              )   **JURY TRIAL DEMANDED**
                                )   Case No.: 7:14-cv-00369-NKM-RSB
                                )
                                )
CORIZON HEALTH, INC.,           )
                                )
        Defendant.              )

## DEFENDANT CORIZON HEALTH, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Corizon Health, Inc. (hereinafter "Corizon" or "Defendant"), by counsel, and submits the following as its Answer to the Plaintiff's Complaint:

### JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

### PARTIES

3. This Defendant admits, upon information and belief, that Plaintiff is a 61-year old femail incarcerated at Fluvanna Correctional Center with an anticipated release date in 2016 who has a medical history consisting of multiple medical issues. This Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint

4. This Defendant admits that it is a Delaware Corporation conducting business in the Commonwealth of Virginia and is the contract medical services provider at numerous Virginia Department of Corrections' facilities, to include Fluvanna Correctional Center for Women, and has been a provider there since May 1, 2013. The remaining allegations contained in Paragraph 4 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

### COUNT I: DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHT AMENDMENT UNDER 42 U.S.C. § 1983

5. This Defendant hereby incorporates paragraphs 1 – 4 of this Answer as if fully set forth herein.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

15. This Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and calls for strict proof thereof.

16. This Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint and calls for strict proof thereof.

17. This Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint and calls for strict proof thereof.

18. This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and calls for strict proof thereof.

19. This Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint and calls for strict proof thereof.

20. This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and calls for strict proof thereof.

21. This Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and calls for strict proof thereof.

## COUNT II: NEGLIGENCE UNDER VIRGINIA LAW

22. This Defendant hereby incorporates paragraphs 1 – 21 of this Answer as if fully set forth herein.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

24. This Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and calls for strict proof thereof.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint contain legal conclusions and therefore, no response is required. To the extent any response may be required, these allegations are denied.

26. This Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and calls for strict proof thereof.

27. This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint and calls for strict proof thereof.

28. This Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and calls for strict proof thereof.

**PRAYER FOR RELIEF**

29.     The allegations contained in subsection (A) through (F) in Plaintiff's section titled "Prayer for Relief" of Plaintiff's Complaint contain legal conclusions and therefore, no response is required.  To the extent any response may be required, these allegations are denied.

30.     All allegations not specifically admitted herein are denied.

31.     Trial by jury is requested.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

This Defendant denies that the present action is cognizable under 42 U.S.C. § 1983.

**SECOND DEFENSE**

This Defendant denies that it has denied the Plaintiff any rights protected by the United States Constitution or any portion of the United States Code.

**THIRD DEFENSE**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

This Defendant denies that the Plaintiff has suffered any cognizable injury or damages as a result of any acts or omissions on the part of this Defendant or its agents or employees.

**FIFTH DEFENSE**

This Defendant avers that, to the extent that the Plaintiff has suffered any injuries or damages, such injuries or damages were due to an act or acts by the Plaintiff, or on the part of others not under the control of this Defendant.  This defense includes the lack of vicarious liability under 42 U.S.C. § 1983.

**SIXTH DEFENSE**

This Defendant denies that he is indebted to or liable to the Plaintiff in any amount for any reason. He also denies that the Plaintiff has suffered the injuries or damages alleged and calls for strict proof thereof.

**SEVENTH DEFENSE**

This Defendant is entitled to good faith or qualified immunity.

**EIGHTH DEFENSE**

This Defendant avers that the Plaintiff has not exhausted her administrative remedies for the issues raised in this matter. Specifically, she has failed to properly grieve the issues which form the basis of his Complaint.

**NINTH DEFENSE**

This Defendant avers that, at all times in treating Plaintiff, the medical staff exercised the same degree of care, skill and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff in a negligent or deliberately indifferent manner.

**TENTH DEFENSE**

Plaintiff's Complaint should be dismissed for failure to obtain the proper expert affidavit or certification to support his claims.

**ELEVENTH DEFENSE**

This Defendant reserves the right to assert all applicable affirmative defenses, including, but not limited to, the statute of limitations, assumption of the risk, contributory negligence, and/or failure to mitigate damages to the extent that such defenses may be supported by further investigation, discovery, and/or evidence at the trial of this matter.

**TWELFTH DEFENSE**

This Defendant reserves the right to expand, alter, enlarge, or amend their Answer and/or assert affirmative defenses at such time as additional information comes to their attention during the discovery process or at the trial of this action.

Respectfully submitted,

CORIZON HEALTH, INC.

s/ Elizabeth M. Muldowney
Elizabeth M. Muldowney, VSB #46387
*Counsel for Defendant Corizon Health, Inc.*
Rawls McNelis + Mitchell, PC
211 Rocketts Way, Suite 100
Richmond, VA 23231
(804) 344-0038
Fax No. (804) 782-0133
E-mail: emuldowney@rawlsmcnelis.com

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

**S. W. Dawson, VSB #83166**
*Counsel for Plaintiff Beth E. Brondas*
Good Soil Partners, LLC
P.O. Box 58
Norfolk, VA 23501
757-282-6601
Fax: 757-282-6617
Email: swd@goodsoilpartners.com

                                           s/ Elizabeth M. Muldowney
                                           Elizabeth M. Muldowney, VBA #46387
                                           *Counsel for Defendant Corizon Health, Inc.*
                                           Rawls McNelis + Mitchell, PC
                                           211 Rocketts Way, Suite 100
                                           Richmond, VA 23231
                                           (804) 344-0038
                                           Fax No. (804) 782-0133
                                           E-mail: emuldowney@rawlsmcnelis.com