IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BETH E. BRONDAS,<br><br>         *Plaintiff*,<br><br>v.<br><br>CORIZON HEALTH, INC.,<br><br>         *Defendant*. | CIVIL ACTION NO. 7:14-CV-00369<br><br>**MEMORANDUM OPINION**<br><br>NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

  Defendant filed a motion to dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted. As stated at the conclusion of the hearing on the motion, and for the reasons that follow, the motion will be granted without prejudice to Plaintiff's leave to file an amended complaint, and Plaintiff will be allotted 28 days from the date of entry of this order within which to file an amended complaint.

**I.**

  Plaintiff states that she is a 61-year-old female incarcerated at Fluvanna Correctional Center for Women ("FCCW"), and she is scheduled to be released in 2016. She states that she

> is afflicted with a broad array of serious health problems and physical ailments including, but not necessarily limited to, extreme back and neck pain, a pinched nerve in her back, incontinence, migraine headaches, a spine fracture, anxiety, psychosis, high blood pressure and congestive heart failure.

  Defendant is the contractual provider of health services at FCCW. Plaintiff alleges that Defendant has been deliberately indifferent to her serious medical needs, in violation of the Eighth Amendment to the United States Constitution, and that Defendant has been negligent.

Plaintiff seeks "declaratory and injunctive relief against Defendant Corizon Health, Inc." and punitive and compensatory "damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) . . . ."

Regarding the count of deliberate indifference, Plaintiff states the following allegations (paragraph numbering omitted):

> Plaintiff has serious medical needs. The broad array [of] serious health problems and physical ailments [previously] listed . . . are objectively serious medical needs.
>
> Defendant was and is deliberately indifferent to Plaintiff's serious medical need(s) because, beginning in or around January 2013, it has continuously failed to treat her serious medical need(s), despite its knowledge of her various medical condition(s).
>
> Defendant actually knew of and disregarded the substantial risk of serious injury to Plaintiff because it actually knew (and still knows) of her serious medical needs upon hearing and seeing her desperate pleas for help, and, Defendant disregarded the substantial risk of serious injury to Plaintiff because it ignored Plaintiff's serious need for medical care by not immediately treating her objectively serious medical condition(s).
>
> Such an inadequate response by the employees and/or agents of Defendant was and is a result of Defendant's failure to train its employees and or agents how to properly respond to an inmate suffering from an objectively serious medical need. If Defendant had properly trained its employees in the handling of inmates with serious medical conditions, Plaintiff's serious medical need(s) would have been immediately treated.
>
> Defendant, upon becoming aware of Plaintiff's serious medical need(s), provided a medical response so grossly incompetent and/or inadequate as to shock the conscience of fair-minded Americans. Defendant gave and continues to give Plaintiff grossly deficient medical treatment and was and is callously and deliberately indifferent to her serious medical need(s) in violation of the Eighth Amendment to the Constitution of the United States.
>
> Defendant acted recklessly with regard to Plaintiff's serious medical need(s) by disregarding the substantial risk of danger it knew Plaintiff to be in upon seeing and hearing her writhing in pain as a result of deficient medical care.
>
> Defendant's deliberate indifference was and is a proximate cause [of] the following damages suffered by Plaintiff: pain, suffering and mental anguish.

The conduct of Defendant involved the reckless and/or callous indifference to the federally protected rights of Plaintiff, namely her Eighth Amendment right to be free from cruel and unusual punishment. Punitive damages are warranted because Defendant's agents and/or employees were reckless and/or callously indifferent to the serious medical need(s) of Plaintiff.

Regarding the count of negligence, Plaintiff incorporates by reference the preceding allegations, and adds the following (paragraph numbering omitted):

Defendant's negligence was and is a proximate cause of the injuries suffered by Plaintiff beginning on or about January 2013 at FCCW.

Defendant has (and still has) a duty to provide Plaintiff, an inmate at FCCW, with adequate medical care when faced with a medical emergency or a serious medical need, or, in the alternative, ordinary care.

Defendant breached this duty of care by failing to properly treat Plaintiff's objectively serious medical needs.

Defendant's breach of its duty was and is a proximate cause of Plaintiff's injuries.

Defendant's negligent breach of its duty was the proximate cause [of] the following damages suffered by Plaintiff: pain, suffering and mental anguish.

## II.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, I apply the pleading standard refined by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8. While the long-held rule still stands that, "in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [non-moving party] in weighing the legal sufficiency of the complaint," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.2009) (citations

omitted), the non-moving party must have alleged facts that "state a claim to relief that is plausible on its face," *i.e.*, facts that "have nudged their claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (citing *Twombly*, 550 U.S. at 557).

Plaintiff's allegations are insufficient to state a plausible claim. She fails to allege facts to support her contention that the Defendant was deliberately indifferent to her serious medical needs or was negligent in providing medical care to her. Other than a rote recitation of the elements of deliberate indifference and negligence claims, Plaintiff fails to allege anything more specific than that she has a "broad array [of] serious health problems and physical ailments" and that the Defendant has "continuously failed to treat her objectively serious medical needs" since January 2013. Plaintiff makes the general allegation that the failure of Defendant's unnamed employees or agents to treat her alleged medical needs is a "result of Defendant's failure to train its employees and/or agents how to properly respond to an inmate" such as Plaintiff.

The sparse factual allegations contained in the complaint are conclusory in nature and they do not satisfy Plaintiff's burden of sufficiently stating what the Defendant did or failed to do that resulted in a civil rights violation or breached its duty of care. The law requires Plaintiff to allege facts that support her claim, *i.e.*, she must plead more than generalizations. A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me

-4-

accusation[s]." *Iqbal*, 556 U.S. at 678. The complaint essentially spans an 18-month period without even one mention of specific care that Plaintiff deems constitutionally inadequate or negligent. Accordingly, the facts alleged in Plaintiff's complaint are insufficient to provide fair notice of the nature of the claim and the grounds upon which that claim is based and therefore must be dismissed. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

To establish medical negligence by Corizon, Plaintiff is required to state specific facts which show that agents or employees of Corizon have breached the standard of care in the care and treatment of Plaintiff. Plaintiff fails to identify any specific act or omission by agents or employees of Corizon that are attributable to Corizon under the doctrine of *respondeat superior*. Further, the sole basis upon which Plaintiff may impose § 1983 liability against Corizon, a private corporation, is by making a specific showing that Corizon maintained a policy or custom that caused a deprivation of Plaintiff's federal rights. The complaint is devoid of any facts to support these claims, and, therefore, her claims do not rise to the level of plausibility.

Plaintiff relies on generalities rather than facts to support her constitutional and state law claims. The extent of Plaintiff's allegations is that she suffers from serious medical needs, and that Defendant has been deliberately indifferent and negligent in not treating those needs, but Plaintiff fails to provide any factual support for these conclusions. For example, Plaintiff alleges that Defendant, "upon becoming aware of Plaintiff's objectively serious medical need(s), provided a medical response so grossly incompetent and/or inadequate as to shock the conscience of fair-minded Americans." Yet the complaint contains no specific facts of what medical treatment Plaintiff required but did not receive to establish either deliberate indifference or medical malpractice.

Because Plaintiff has failed to state a plausible claim against this Defendant for deliberate

-5-

Case 7:14-cv-00369-NKM-RSB   Document 14   Filed 10/23/14   Page 5 of 6   Pageid#: 85

indifference or negligence, I will grant the motion to dismiss.

## III.

For these reasons, as stated at the conclusion of the hearing on the motion to dismiss, Defendant's motion to dismiss will be granted without prejudice to Plaintiff's leave to file an amended complaint, and Plaintiff will be allotted 28 days from the date of entry of this order within which to file an amended complaint. An appropriate order accompanies this memorandum opinion.

**ENTERED** this __23rd__ day of October, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE