IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BETH E. BRONDAS,<br>         *Plaintiff*,<br>v.<br>CORIZON HEALTH, INC.,<br>         *Defendant*. | CIVIL ACTION NO. 7:14-CV-00369<br><br>**MEMORANDUM OPINION**<br><br>NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

  Plaintiff is an offender in the custody of the Virginia Department of Corrections ("VDOC"). She is currently incarcerated at the Fluvanna Correctional Center for Women ("FCCW"). Defendant, Corizon Health, Inc., is a corporation that previously contracted with the VDOC to provide medical care in VDOC facilities. Beginning on May 1, 2013, Defendant was the entity contracted to provide health care services to inmates at VDOC facilities, including FCCW, but as of October 1, 2014, Corizon is no longer the contract medical provider for any VDOC facilities.[1]

  Plaintiff is represented by counsel. Her original complaint alleged constitutional violations under 42 U.S.C. § 1983 and state negligence claims, seeking damages and injunctive and declaratory relief against Defendant to address the alleged deprivation of adequate medical treatment she had received at FCCW since January 2013. Defendant moved to dismiss and, after a hearing on the motion, I granted the motion to dismiss without prejudice and permitted Plaintiff leave to amend her complaint. Plaintiff filed an amended complaint that is substantially

---

[1] I take judicial notice of the cancellation of Defendant's contract with the VDOC. *See Scott et al v. Clarke et al*, 3:12-cv-00036.

similar to her original complaint (again alleging constitutional violations and negligence), except that she adds nine dates upon which she alleges that she did not receive her medications as prescribed.

Defendant has filed two motions to dismiss – one for failure to state a claim, and the other for Plaintiff's failure to provide expert certification for her state law medical malpractice claim as required by § 8.01-20.1 of the Code of Virginia. The matter has been fully briefed and arguments were heard. Both motions are meritorious, and I will dismiss the complaint.

## I.

The amended complaint states that Plaintiff is a 61-year-old female incarcerated at Fluvanna Correctional Center for Women ("FCCW"), and that she is scheduled to be released in 2016. She states that she

> is afflicted with a broad array of serious health problems and physical ailments including, but not necessarily limited to, extreme back and neck pain, a pinched nerve in her back, incontinence, migraine headaches, a spine fracture, anxiety, psychosis, high blood pressure and congestive heart failure.

Plaintiff alleges that Defendant was deliberately indifferent to her serious medical needs, in violation of the Eighth Amendment to the United States Constitution, and that Defendant has been negligent. Plaintiff seeks "declaratory and injunctive relief against Defendant Corizon Health, Inc." and punitive and compensatory "damages in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) . . . ."

The amended complaint includes a section stating the following "FACTS" (paragraph numbering omitted):

> At all relevant times hereto, Plaintiff had been prescribed the medication "Prilosec" for heartburn and acid reflux.

At all relevant times hereto, Plaintiff had been prescribed the medication "Celexa" for a variety of mental conditions.

At all relevant times hereto, Plaintiff had been prescribed the medication "Naproxen" as an anti-inflammatory for muscle, joint and other bodily pain.

The nursing staff at FCCW, who at all relevant times hereto were employees of Defendant, had the responsibility for distributing prescription medication to Plaintiff and other prisoners through the "Pill Line" process in which Plaintiff was supposed to be provided with medication needed to treat her various ailments. With disturbing regularity, however, Plaintiff did not receive the correct prescription.

On October 24, 2012, Plaintiff did not receive her Prilosec medication.

On September 18, 2013, Plaintiff did not receive her Celexa medication.

On September 23, 2013, Plaintiff ran out of her Naproxen medication because Nurse Harlowe, an employee of Defendant, only provided her with half of her prescription on September 9, 2013. This failure made it difficult and painful for Plaintiff to walk.

As a result of Plaintiff not getting her medication, it made it impossible or very painful for her to eat or drink.

As a result of Plaintiff not getting her medication, her heartburn was excruciating and she found it impossible to eat.

On November 14, 2013, Plaintiff did not get her Celexa medication.

Plaintiff also did not get her Celexa medication on November 23, 24, 25 or 26 of 2013.

As a result of Plaintiff not getting her medication, she was caused great stress, mental anguish and anxiety.

FCCW Medical Staff, who at all relevant times hereto were employees of Defendant, as a matter of routine, intentionally withheld from Plaintiff her pain medication.

On March 16, 2014, Plaintiff complained of severe pain to her neck and lower back. She was given a low dose of medication but this did nothing to relieve her pain.

Plaintiff filed a grievance with FCCW and/or Defendant subsequent to each

of Defendant's failures to provide her with her medication(s).

In sum, Plaintiff complains of eight specific occasions when she alleges that she did not receive prescribed doses of medications, and one occasion when "[s]he was given a low dose."

Regarding Count I, alleging "DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT UNDER 42 U.S.C. § 1983," Plaintiff states the following (paragraph numbering omitted):

> Defendant is subject to civil liability on account of the language in the following Federal statute, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.
>
> At all times herein, Defendant was acting under the color of state law due to its contract with FCCW to provide medical services to inmates housed at FCCW.
>
> The Eighth Amendment to the United States Constitution provides, in relevant part, that: "Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted*." U.S. Const. amend. VIII (emphasis added).
>
> The rights of citizens under the Eighth Amendment are clearly established and have been law in the United States since the year 1791.
>
> The Eighth Amendment applies to the states through the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660 (1962).
>
> "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).
>
> The objective component of an Eighth Amendment claim is satisfied only if the medical need of the prisoner is serious. The subjective component of the claim alleging the deprivation of a serious medical need is satisfied by a showing of

-4-

deliberate indifference by prison officials.

As a genuine issue of material fact, Plaintiff has serious medical needs. The broad array of serious health problems and physical ailments listed in paragraph 3 are objectively serious medical needs.

Defendant was deliberately indifferent to Plaintiff's serious medical need(s) because it persistently failed to provide her with her medications as outlined in the paragraphs above, even in the face of Plaintiff's persistent filing of grievances aimed at addressing Defendant's deficient medical attention to her serious medical needs.

Defendant actually knew of and disregarded the substantial risk of serious injury to Plaintiff because it actually knew of her serious medical needs upon hearing and seeing her desperate pleas for help (as outlined in paragraph 12), and, Defendant disregarded the substantial risk of serious injury to Plaintiff because it ignored Plaintiff's serious need for medical care by continuously not providing her with her prescription medication(s).

Such an inadequate response by the employees and/or agents of Defendant was a result of an official policy or custom of Defendant to deny inmates at FCCW their medications.

Defendant, upon becoming aware of Plaintiff's objectively serious medical need(s), provided a medical response so grossly incompetent and/or inadequate as to shock the conscience of fair-minded Americans because it continued to deny Plaintiff her proper medication(s). Defendant gave Plaintiff grossly deficient medical treatment and was callously and deliberately indifferent to her serious medical need(s) in violation of the Eighth Amendment to the Constitution of the United States.

Defendant acted recklessly with regard to Plaintiff's serious medical need(s) by disregarding the substantial risk of danger it knew Plaintiff to be in upon seeing and hearing her writhing in pain as a result of deficient medical care (as outlined in paragraph 12).

Defendant's deliberate indifference was a proximate cause [of] the following damages suffered by Plaintiff: pain, suffering and mental anguish.

The conduct of Defendant involved the reckless and/or callous indifference to the federally protected rights of Plaintiff, namely her Eighth Amendment right to be free from cruel and unusual punishment. Punitive damages are warranted because Defendant's agents and/or employees were reckless and/or callously indifferent to the serious medical need(s) of Plaintiff as a result of an official policy or custom of denying Plaintiff and other inmates at FCCW their medication(s).

-5-

Regarding Count II, alleging "NEGLIGENCE UNDER VIRGINIA LAW," Plaintiff states the following (paragraph numbering omitted):

Defendant's negligence was and is a proximate cause of the injuries suffered by Plaintiff beginning on or about January 2013 at FCCW.

Defendant had a duty to provide Plaintiff, an inmate at FCCW, with adequate medical care when faced with a medical emergency or a serious medical need, or, in the alternative, ordinary care.

Adequate medical care would have been timely providing Plaintiff with her medication.

Defendant breached this duty of care each time it failed to provide Plaintiff with her medication.

Defendant's breach of its duty was and is a proximate cause of Plaintiff's injuries as outlined in the paragraphs above.

Defendant's negligent breach of its duty was the proximate cause [of] the following damages suffered by Plaintiff: pain, suffering and mental anguish.

## II.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, I apply the pleading standard refined by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8. The non-moving party must have alleged facts that "state a claim to relief that is plausible on its face," *i.e.*, facts that "have nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The following

long-held rule still stands: "in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [non-moving party] in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, a court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. at 678 (courts "must take all of the factual allegations in the complaint as true," but "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III.

### A. Plaintiff Fails to State a § 1983 Claim

Plaintiff alleges that, on specific dates in 2012-2013, medical personnel at FCCW failed to provide medications as prescribed. She describes eight specific occasions when she alleges that she did not receive prescribed medications, and one occasion when "[s]he was given a low dose." The medications were "'Prilosec' for heartburn and acid reflux," "'Celexa' for a variety of mental conditions," and "'Naproxen' as an anti-inflammatory for muscle, joint and other bodily pain."

Despite the amendments to her complaint, Plaintiff still fails to allege facts to support her contention that Corizon was deliberately indifferent to her serious medical needs. Other than a rote recitation of the elements of a deliberate indifference claim, Plaintiff only generally alleges that the failure of unnamed medical personnel to provide medication "was the result of an official policy or custom of Defendant to deny inmates at FCCW their medications." However,

Plaintiff must allege facts that support her claim, and she must plead more than generalizations. Plaintiff pleads no facts pled to support the conclusion that Corizon had "an official policy or custom of . . . [denying] inmates at FCCW their medications."[2]

Accordingly, Plaintiff's claims against Corizon pursuant to § 1983 must be dismissed. Precedent holds that *respondeat superior* cannot provide a basis for recovery against a private corporation in a § 1983 action. *See, e.g., Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). "Rather, private corporations can only be held liable under § 1983 if 'an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" *See Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348, 355 (4th Cir. 2003) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). In this context, "policy" refers to formal "written" policy, "affirmative decisions of individual policymaking officials," or "certain omissions" by policymakers "that manifest deliberate indifference to the rights of citizens." *See Austin*, 195 F.3d at 727 (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). Although the "principles of § 1983 'policymaker' liability were articulated in the context of suits brought against municipalities and other local government defendants," they "are equally applicable to a private corporation acting under color of state law when an employee exercises final policymaking authority concerning an action that allegedly causes a deprivation of federal rights." *Id*. at 729. Here, aside from her bald, conclusory assertions, Plaintiff has identified no official policy, custom, omission, or policymaker responsible for the eight occasions when she did not receive her medication and the one occasion she received a half-dose, and her allegations

---

[2] For example, although Plaintiff states dates when she did not receive her medications exactly as prescribed, she describes no instances when other inmates were denied medication, other than to state her conclusion that Corizon had "an official policy or custom of . . . [denying] inmates at FCCW their medications."

-8-

include no indication of a formal written policy that caused her not to receive her medications exactly as prescribed on those occasions.[3]

## B. Negligence

### 1. At Least One of Plaintiff's Negligence Claims Is Time-Barred

Assuming *arguendo* that Plaintiff had stated a claim and that I would exert supplemental jurisdiction over the negligence claims, her allegation that, "[o]n October 24, 2012, Plaintiff did not receive her Prilosec medication" falls outside the one-year statute of limitations for personal injury claims suffered during incarceration. *See* Virginia Code § 8.01-243.2; *see also Reid v. Newton*, Civil Action No. 3:13-cv-00572, 2014 U.S. Dist. LEXIS 52072, *36 (E.D. Va. Apr. 14,

---

[3] Two unpublished Fourth Circuit opinions directly address the issue of § 1983 liability of an entity contracted to provide inmate medical services. *See Clark v. Maryland Dept. of Pub. Safety & Corr. Services*, 316 F. App'x 279 (4th Cir. 2009); *Harrison v. Oakley*, 2008 WL 7836410 (D. Md. June 25, 2008) *aff'd*, 328 F. App'x 847 (4th Cir. 2009) (dismissing two corporations contracted to provide inmate medical services in the absence of any allegation that official policies or customs of the corporations caused the alleged constitutional violations).. In *Clark*, a prisoner brought suit against a number of parties pursuant to § 1983, alleging deliberate indifference to a serious medical need in violation of the Eight Amendment. *Id*. at 280. Specifically, the plaintiff had been rendered unconscious after suffering an accidental electrocution. *Id*. Prison staff transported to the plaintiff to the hospital. *Id*. After being discharged, the plaintiff allegedly continued to suffer serious health problems that were purportedly ignored by the prison medical staff. *Id*.

    The defendants named in the suit included Correctional Medical Services, Inc. ("CMS"), a private corporation (and a corporate predecessor of Corizon) contracted to provide medical services to inmates. *Id*. at 281. CMS filed a motion for summary judgment on the grounds that CMS provided medical care to inmates through its employees at the correctional facility and, by definition, attempting to impose § 1983 liability on CMS for the actions of its staff invoked *respondeat superior*. The district court granted CMS's motion for summary judgment on the basis that vicarious liability does not provide a basis for recovery in Section 1983 actions. *Id*.

    I note that I could parse the complaint to show that Plaintiff's allegations do not state a claim of deliberate indifference to a serious medical need. There is abundant precedent to support that conclusion. *See*, *e.g.*, *Bowen v. New River Valley Regional Jail, et al*, 2006 WL 3327622, *12-13 (W.D. Va. November 15, 2006) ("even assuming that Bowen did miss . . . two doses of his prescribed antibiotic, he has failed to submit any evidence demonstrating that he suffered any adverse effects from these isolated incidents" and therefore failed to establish a claim for deliberate indifference); *West v. Millen*, 79 Fed. App'x 190, 194 (7th Cir. 2003) (an occasional missed dose of medication, without more, does not violate the Eight Amendment); *Mayweather v. Foti*, 958 F.2d 91, 91-92 (5th Cir. 1992) (holding that an occasional missed dose of medication was a "minimal" deficiency that falls "far short of establishing deliberate indifference"). However, those cases name proper § 1983 defendants, and the only named defendant in this case is the corporate defendant, Corizon.

-9-

2014) (stating "[t]his one year statute of limitations applies to 'actions seeking damages for personal injuries when the victim is the party-plaintiff.'"); *Trisler v. Prison Health Servs.*, Civil Action No. 3:11-cv-00343, 2013 U.S. Dist. LEXIS 27827, *4-6 (E.D. Va. Feb. 28, 2013) (dismissing state law claim as time-barred by the one-year statute of limitation in Va. Code § 8.01-243.2); *Alexander v. Gilmore*, 202 F. Supp. 2d 478, 481 (E.D. Va. 2002) (same).

Plaintiff filed her original complaint on July 22, 2014, approximately one and a half years after she was allegedly denied medication on October 24, 2012. Moreover, as previously noted, Corizon became the contract medical provider at FCCW on May 1, 2013, and was not the contractor responsible for VDOC's medical care in October 2012. To the extent Plaintiff asserts that the allegation dated October 24, 2012, is relevant because she "has alleged a continuing pattern of unlawful conduct," she has not alleged facts sufficient to show that the "unconstitutional or illegal act was a fixed and continuing practice." *A Society Without a Name v. Comm. of Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). Moreover, an allegation dating from October 24, 2012, could hardly be relevant to a claim against Corizon as it was not the contract medical provider at FCCW in October 2012.

### 2. Plaintiff Failed to Obtain Expert Certification

In Virginia, a party alleging medical malpractice must also obtain an expert certification of merit before serving the defendant, pursuant to the Virginia Medical Malpractice Act (the "VMMA"). Va. Code § 8.01-20.1; *see, e.g., Parker v. United States*, 475 F. Supp. 2d 594, 596 (E.D. Va. 2007) (stating that an FTCA medical malpractice claim is subject to the VMMA expert certification requirement). The VMMA states, in pertinent part, that at the time service of process is requested, every complaint in a medical malpractice action shall be deemed a certification that the party has obtained from an expert witness a written opinion signed by the

-10-

expert witness that, based upon a reasonable understanding of the facts, the party for whom service of process has been requested deviated from the applicable standard of care and the deviation was the proximate cause of injuries claimed.

The VMMA also states that, upon written request by the defendant, the individual alleging medical malpractice shall, within 10 business days after receipt of such request, provide a certification form that affirms that the Plaintiff had obtained the necessary certifying expert opinion at the time service was requested. Furthermore, the VMMA provides that, if Plaintiff failed to obtain the necessary certifying expert, the court "shall" impose sanctions according to the provisions of §8.01-271.1 and may dismiss the case "with prejudice." Va. Code Ann. §8.01-20.1.

The VMMA provides an exception to the certification requirement when expert certification is unnecessary "if the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Va. Code § 8.01-20.1; *see also, Beverly Enterprises-Va., Inc., v. Nichols*, 247 Va. 264, 267 (1994) (holding that the exception rarely applies because only rarely do alleged acts of medical negligence fall within the range of a jury's common knowledge and experience). "Where . . . a plaintiff 'calls into question' a 'quintessential professional medical judgment,' the matter 'can be resolved only by reference to expert opinion testimony.'" *Parker*, 475 F. Supp. 2d at 597 (citing *Callahan v. Cho*, 437 F. Supp. 2d 557, 563 (E.D. Va. July 6, 2006); *see also Beverly Enterprises-Va., Inc.*, 247 Va. at 267.

On August 22, 2014, counsel for Defendant sent correspondence to Plaintiff's counsel, requesting that she be provided with verification of expert certification pursuant to Va. Code

-11-

Ann. § 8.01-20.1 with respect to Plaintiff's state law medical malpractice claims. In response, Plaintiff's counsel dissembles that, because counsel for defendant did not cite the correct section of the Virginia Code section, "Plaintiff's counsel disregarded Defense counsel's August 22, 2014 correspondence in its entirety." To be sure, Defendant's counsel cited the wrong section of the Code; however, that does not relieve Plaintiff of her burden of having obtained certification. To date, no certification has been provided by Plaintiff's counsel; indeed, counsel stated in proceedings before a magistrate judge of this court that he had not conferred with an expert regarding this matter, and counsel acknowledged at the hearing on the instant motion that he had not conferred with an expert.

In response to Corizon's motion to dismiss for failure to obtain certification, Plaintiff states that she does not need expert testimony in this matter insofar as her amended complaint alleges that the agents and employees of Corizon committed medical malpractice when "someone with the mundane task of distributing or doling out medication failed to do so." Plaintiff argues that, given the "mundane" nature of distributing medication, she does not need expert testimony under Virginia Code §8.01-20.1 because the acts of negligence "clearly lies within the range of the jury's common knowledge and experience." *Beverly Enterprises-Va., Inc.*, 247 Va. at 267.

In Virginia, expert testimony is usually necessary to establish the applicable standards of care, a deviation from those standards of care, and that such deviation was a proximate cause of a plaintiff's damages. *Perdieu v. Blackstone Family Practice Center*, 264 Va. 408, 420 (2002); *Dickerson v. Fatehi*, 253 Va. 324, 328 (1997); *Beverly Enterprises-Va., Inc.*, 247 Va. at 267; *Raines v. Lutz*, 231 Va. 110, 113 (1986); *Bly v. Rhoads*, 216 Va. 645, 653 (1976); *Bell v. United States*, 2011 WL 3734458, *2 (E.D. Va. August 24, 2011); *Parker v. United States*, 475 F. Supp.

-12-

2d 594, 596-97 (E.D. Va. 2007). Plaintiff's assertion that "an employee of Defendant did not perform a relatively simple task that he or she (or they) had a duty to perform" states a simplistic view of the context of Plaintiff's negligence claim.

Plaintiff's claim involves the administration of medication in a controlled setting, *i.e.*, a women's correctional center, where the administration of medication is done at certain intervals set by the facility and in accommodation to other limitations outside the control of the medical staff employed at the facility. Additionally, the individuals who administer the medication must be licensed by the Commonwealth of Virginia, and they can only work within the parameters of the license they maintain. This is more than a "relatively simple task," and thus it falls outside the range of an average jury's common knowledge and experience. Therefore, Plaintiff must have an expert to establish the standard of care of the agents and/or employees of Corizon in this context.

In her opposition, Plaintiff misguidedly relies on the case of *Jefferson Hospital, Inc. v. Van Lear*, 186 Va. 74 (1947). In that case, the defendants saw that a call bell light had been activated, but ignored it for more than twenty minutes, knowing that the 75-year-old plaintiff patient's physician had instructed that, after cataract surgery, the patient should not leave his bed, and that when the patient "desired to answer a call of nature he should ring for a nurse who in turn would dispatch to him an orderly who would attend to his needs through the use of a bedpan in his room." *Id*. at 78.

One does not need medical training or judgment to know whether one should respond to a call bell light. *Id*. at 80. In the instant case, however, licensed medical personnel are assigned the task of distributing medication in a correctional setting. These factors are not within the range of an average juror's common knowledge and experience and, therefore, Plaintiff must

-13-

Case 7:14-cv-00369-NKM-RSB   Document 53   Filed 06/03/15   Page 13 of 15   Pageid#: 349

have an expert to establish the applicable standard of care and a breach of that standard. Furthermore, even assuming, *arguendo*, that Plaintiff does not need expert testimony to establish the standard of care, she must have expert testimony to establish that Corizon's agents and employees' deviation from the standard of care was the actual cause of the injury claimed. Plaintiff claims that she did not receive her medication as prescribed on multiple occasions, resulting in injury. For example, she alleges that the failure to administer Celexa on six occasions caused her to experience mental anguish and anxiety, that the failure to administer Naproxen on one occasion caused pain for her and resulted in her having difficulty walking, and that the failure to administer Prilosec on one occasion resulted in her having difficulty eating. However, the pharmacological significance of missing one dose of one medication and several doses of two others is outside the common knowledge and experience of the average juror. *See, e.g., Freeman v. United States*, 2014 WL 2967922 (W.D. Va. June 30, 2014) (finding that whether Allopurinol usage proximately caused the plaintiff's eye injuries is a complex question of pharmacology outside the purview of the average fact-finder).

To pursue her negligence claim, Plaintiff is required to present expert testimony that a missed dose of a particular medication would cause the injury she claims to have sustained. Plaintiff has not procured the necessary expert certification required by the VMMA, and the negligence claim can be dismissed with prejudice for this reason.

### C. Plaintiff's Claims for Injunctive and Declaratory Relief Are Moot

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Because the requirement of a continuing case or controversy stems from the Constitution, it may not be ignored for convenience's sake." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir.

-14-

2007) (citing *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)). "[F]ederal courts have 'no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id*. (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). For example, in *Incumaa v. Ozmint*, the Fourth Circuit held that, where an inmate challenges prison policies or conditions, his transfer or release moots his claims for injunctive and declaratory relief from those policies and conditions. 507 F.3d at 286-87.

In the instant case, Corizon is no longer responsible for the provision of medical services to the inmates at VDOC facilities. Thus, any claims for injunctive and declaratory relief are moot.

### IV.

For these reasons, Defendant's motions to dismiss will be granted. An appropriate order accompanies this memorandum opinion.

**ENTERED** this __3rd__ day of June, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE